UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK BOSTWICK,                                                          CASE NO.:

Plaintiff,

vs.

STATE OF FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES.

Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, MARK BOSTWICK states and alleges as follows:

**JURISDICTION**

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. § 2000(e) et. seq., and the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes.

2. At all times alleged hereto Plaintiff, MARK BOSTWICK, was a resident of the State of Florida.

3. Plaintiff, MARK BOSTWICK is a male whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. § 2000(e) et seq. and the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes.

4. At all times alleged hereto, Defendant, STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES, was a government entity established

by and through the Constitution of the State of Florida.

5. Defendant's principal place of business is located at 1317 Winewood Blvd., Suite 1, Tallahassee, Florida 32399.

6. At all times mentioned hereto, Defendant was an employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. § 2000(e) et seq. and the Florida Civil Rights Act of 1992, chapter 760 of the Florida statutes.

7. Prior to filing this action, on or about March 11, 2020, the Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. § 2000(e).  The charge was dual filed with the State of Florida, Florida Commission on Human Relations.

8. On or about October 4, 2021, the United States Equal Employment Opportunity Commission issued a Right to Sue which was received by the Plaintiff on or about October 8, 2021.  This action has been filed within ninety (90) days of receipt of that notice. Plaintiff has exhausted any and all administrative remedies as required pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. A copy of the Notice of Right to Sue is attached hereto as Exhibit "A".

**COUNT I  SEX DISCRIMINATION 42 USC § 2000(e) et seq.**

9. Plaintiff, MARK BOSTWICK was previously employed by the Defendant, STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES, from on or about 2014 until Plaintiff's date of termination of on or about February 20, 2020.

10. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of Operations Management Consultant.

11. At the time the Plaintiff was terminated from employment, reasons given were that Plaintiff had sexually harassed his subordinate, Plaintiff's conduct was unbecoming of a public employee, and Plaintiff had improperly used a personal cell phone.

12. The Defendant's reasons for terminating Plaintiff from employment were false.

13. Prior to Plaintiff's termination from employment a female employee, whom the Plaintiff supervised alleged Plaintiff had sexually harassed that employee.

14. At the time of that allegation, Defendant, as a public employer, had extensive rules and regulations in place for investigating sexual harassment to ensure due process considerations.

15. Despite those rules and regulations, the Defendant relied on the allegations of Defendant's female employee and failed to follow those rules and regulations in investigating those allegations of sexual harassment against the Plaintiff, that being Defendant's male employee.

16. Defendant's failure to follow Defendant's rules and regulations in reference to investigating the complaint of sexual harassment against Plaintiff was discrimination against the Plaintiff based upon Plaintiff's sex in violation of the Federal Equal Employment Opportunities Act 42 U.S.C. § 2000(e) et seq.

17. As a result, Plaintiff has suffered lost wages, loss of benefits, mental anguish and humiliation and Plaintiff will suffer those losses in the future.

18. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

3

19. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

20. Plaintiff has retained the undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE, Plaintiff demands judgment for the following:

A. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

B. That the Court award Plaintiff damages for mental anguish and humiliation.

C. The Court award Plaintiff punitive damages based upon Defendant's willful and intentional violation of the Act.

D. That the Court award Plaintiff reasonable attorney's fees pursuant to Federal Equal Opportunities Act 42 USC § 2000(e) et seq. and costs of this action.

E. That the Court award such other and further relief as may be just and equitable in the circumstances.

F. Trial by jury.

**COUNT II  DISCRIMINATION Chapter 760 of the Florida Statutes**

21. Plaintiff, MARK BOSTWICK was previously employed by the Defendant, STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES, from on or about 2014 until Plaintiff's date of termination of on or about February 20, 2020.

22. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of Operations Management Consultant.

23. At the time the Plaintiff was terminated from employment, reasons given were that Plaintiff had sexually harassed his subordinate, Plaintiff's conduct was unbecoming of a public employee, and Plaintiff had improperly used a personal cell phone.

24. The Defendant's reasons for terminating Plaintiff from employment were false.

25. Prior to Plaintiff's termination from employment a female employee, whom the Plaintiff supervised alleged Plaintiff had sexually harassed that employee.

26. At the time of that allegation, Defendant, as a public employer, had extensive rules and regulations in place for investigating sexual harassment to ensure due process considerations.

27. Despite those rules and regulations, the Defendant relied on the allegations of Defendant's female employee and failed to follow those rules and regulations in investigating those allegations of sexual harassment against the Plaintiff, that being Defendant's male employee.

28. Defendant's failure to follow Defendant's rules and regulations in reference to investigating the complaint of sexual harassment against Plaintiff was discrimination against the Plaintiff based upon Plaintiff's sex in violation of the Florida Civil Rights Act of 1992, Chapter 760 of the Florida Statutes.

29. As a result, Plaintiff has suffered lost wages, loss of benefits, mental anguish and humiliation and Plaintiff will suffer those losses in the future.

30. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

31.	At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

32.	Plaintiff has retained the undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE, Plaintiff demands judgment for the following:

A.	That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

B.	That the Court award Plaintiff damages for mental anguish and humiliation.

C.	The Court award Plaintiff punitive damages based upon Defendant's willful and intentional violation of the Act.

D.	That the Court award Plaintiff reasonable attorney's fees pursuant to Florida Statute 760.01 et seq. and costs of this action.

E.	That the Court award such other and further relief as may be just and equitable in the circumstances.

F.	Trial by jury.

Respectfully submitted this 5th day of January, 2022.

/s/ David W. Glasser
DAVID W. GLASSER, ESQUIRE
Fla. Bar No. 780022

118 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Email: David@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff